UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20 MJ 296 DDN |
| | ) |
| FREDRICK MOPKINS, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer Szczucinski, Special Assistant United States Attorneys for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with being a felon in possession of one or more firearms, in violation of 18 U.S.C. § 922(g), an offense for which a maximum ten years imprisonment is prescribed under Title 18.

2. According to the Bureau of Alcohol, Tobacco, Firearms and Explosive ("ATF") and the St. Louis Metropolitan Police Department ("SLMPD"), on June 8, 2020, at approximately 12:58am, two individuals reported to St. Louis Metropolitan Police Department ("SLMPD") police officers that they were shot at by an individual known as both "Ty Mann" and "Boo Man." Victim 1 reported that she/he was leaving the Bottom Line Sports Bar and Grill, located at 1530 S 7th Street, Saint Louis, Missouri 63104, with Victim 2 after having words with "Boo Man/Ty Man." Victim 1 observed his/her vehicle being followed by another

vehicle on 4th Street, and stated she/he observed "Boo Man/Ty Man" point a firearm at his/her vehicle, and heard shots as she/he attempted to flee.

3. Victim 1 described the person who shot at them as just recently paroled and as the person who killed "James Deuce." "James Deuce" is a nickname for homicide victim James Moore, and through this information, SLMPD detectives were able to identify the Defendant as a potential suspect, as he was a suspect in Moore's homicide. The Defendant also has a documented nickname of "Boo Man." Victim 1 positively identified the Defendant in a photographic lineup, as the person who shot at Victim 1 and Victim 2.

4. A computer inquiry revealed the Victim 1's vehicle on the stationary License Plate Reader (LPR) camera located at 4th Street and Gratiot Street. Still shots from the LPR show Victim 1's vehicle at 12:44:56am. At 12:44:57am, Victim 1's vehicle can be seen along with a white Nissan Altima bearing Wisconsin license plate 697 YHW. An arm is extended from the driver's side of the Nissan Altima, holding what appears to be a firearm with an extended magazine, which is pointed in the direction of Victim 1's vehicle, as depicted in the below still photograph from the LPR camera:



5. On September 29, 2020, the Hon. David Noce issued a search warrant for a residence located at 4959 Davison, Saint Louis, Missouri 63120. *See* 4:20 MJ 00257 DDN.

6. On October 2, 2020, ATF executed the search warrant at 4959 Davison, Saint Louis, Missouri 63120. During the execution of the search warrant, the Defendant and a female exited a rear bedroom inside the residence. There is a bathroom attached to said bedroom and the only way to access the bathroom is through the bedroom. The Defendant delayed exiting the bedroom for a period of time, during which agents believed the Defendant was hiding and/or disposing of contraband.

7. Inside the bedroom in which the Defendant was located, ATF agents located a Missouri State Identification card belonging to the Defendant, as well as several personal belongings belonging to the Defendant. ATF agents also located a Glock, model 21, .45 caliber pistol hidden within a bag of clothing. In the bathroom attached to the bedroom in which the Defendant was located, ATF agents located a Diamondback, model DB-15, 5.56 caliber pistol hidden in the shower curtain of the bathtub.

8. The defendant's criminal history reflects that he has multiple felony convictions including, but not limited to, the following:

- 1222-CR05758, *State of Missouri v. Frederick Mopkins*
  Guilty Plea/Sentence Date: October 3, 2013
  Count One: Tampering in the First Degree
  Sentence: SIS, 2 years probation; revoked 7 years MDC

- 1322-CR00387, *State of Missouri v. Fredrick Mopkins*
  Guilty Plea/Sentence Date: October 3, 2013
  Count One: Stealing (felony)
  Count Two: Fraudulent Use of a Credit Device (felony)
  Sentence: SIS, 2 years probation; revoked 7 years MDC

- 1422-CR02058, *State of Missouri v. Fredrick Mopkins*
  Guilty Plea/Sentence Date: November 30, 2015
  Count One: Resisting Arrest (felony)
  Sentence: 5 years MDC

- 1522-CR01288, *State of Missouri v. Fredrick Mopkins*
  Guilty Plea/Sentence Date: December 1, 2015
  Count One: Resisting Arrest (felony)
  Sentence: 4 years MDC

9. The Defendant was just released from the Missouri Department of Correction in May of 2020 and is still on parole for his convictions in Cause Nos. 1222-CR05758 and 1322-CR00387.

10. The Defendant has a history of failing to comply with conditions of supervision, having violated previous terms of probation in Cause Nos. 1222-CR05758 and 1322-CR00387, including for committing new criminal offenses, as charged in Cause Nos. 1422-CR02058 and 1522-CR01288.  As a condition of his probation, the Defendant was placed on electronic monitoring.  Court records reflect the Defendant violated conditions set for his electronic monitoring, including removing his GPS bracelet.

11. In Cause No. 1422-CR02058, the Defendant violated conditions of his bond by failing to appear for Court dates and by committing new criminal offenses. The Court ordered the Defendant's bond forfeited.

12. There is a serious risk that the defendant will flee, given the defendant's history of flight from law enforcement, his failure to comply with supervision while on probation and parole, his failure to appear for previous court appearances, and the potential sentence the defendant faces in this case.

13. There is also a serious risk that the Defendant will be unable to comply with any conditions of supervision, given his history of failing to comply with conditions of supervision, including electronic monitoring.

14. The defendant's criminal history and the nature and circumstances of the offense charged, reflect that there is a serious danger to the community that would be posed by the defendant's release. Further, there are no conditions or combination of conditions that will reasonably assure the defendant's appearance as required.

WHEREFORE, the United States requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        */s/ Jennifer Szczucinski*
        JENNIFER SZCZUCINSKI, #56906MO
        Special Assistant United States Attorney